**RECORD NO. 11-4351**

# In The
# United States Court of Appeals
## For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

**v.**

**DYRRLE GENE OSBORNE,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
AT CHARLOTTE**

---

**REPLY BRIEF OF APPELLANT**

---

**Henderson Hill**
**Executive Director**
**FEDERAL DEFENDERS OF
  WESTERN NORTH CAROLINA, INC.**

**\*Elizabeth A. Blackwood**
**Research and Writing Attorney**
**Ross S. Richardson**
**Assistant Federal Defender**
**129 West Trade Street, Suite 300**
**Charlotte, North Carolina  28202**
**(704) 374-0720**

*Counsel for Appellant*
*\*Counsel of Record*

**THE LEX GROUP** ♦ 1108 East Main Street ♦ Suite 1400 ♦ Richmond, VA  23219
(804) 644-4419 ♦ (800) 856-4419 ♦ Fax: (804) 644-3660 ♦ www.thelexgroup.com

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION ........................................................................................................1

ARGUMENT ................................................................................................................1

    I.    The Government Mischaracterizes Osborne's Argument; The Issue Is Whether the District Court Erroneously Decided a Fact Issue As a Matter of Law, Thereby Taking This Element of the Offense Away From the Jury ................................................................1

    II.    The Government Fails To Squarely Address Osborne's Rule 29 Argument ........................................................................................5

CONCLUSION .............................................................................................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

# **TABLE OF AUTHORITIES**

**Page(s)**

### **CASES**

*United States v. Ball*,
　No. 91-5426, 968 F.2d 1212,
　1992 WL 163604 (4th Cir. July 15, 1992) .................................................. 2-3

*United States v. Gill*,
　193 F.3d 802 (4th Cir. 1999) ........................................................................4

*United States v. Haranda*,
　333 F. Supp. 2d 619 (E.D. Mich. 2004) ........................................................5

*United States v. Littriello*,
　866 F.2d 713 (4th Cir. 1989) ........................................................................4

*United States v. Smith*,
　373 F.3d 561 (4th Cir. 2004) .....................................................................5, 6

*United States v. Spear*,
　734 F.2d 1 (8th Cir. 1984) ............................................................................5

*United States v. Walker*,
　677 F. 2d 1014 (4th Cir. 1982) .....................................................................2

### **STATUTE**

18 U.S.C. § 641 ......................................................................................1, 2, 5

### **RULE**

Fed. R. Crim. P. 29 ..............................................................................1, 4, 5, 6

## INTRODUCTION

The opening brief explained that the district court committed two legal errors during Dyrrle Osborne's trial. First, the district court erred by deciding a fact issue—whether erroneously issued funds remain the property of the United States, which is an element of 18 U.S.C. § 641—as a matter of law, thereby preventing Osborne from adequately defending himself in his closing argument. Second, it erroneously denied Osborne's Rule 29 motion as the government did not prove the same fact issue beyond a reasonable doubt.

In response, the government mischaracterizes Osborne's first argument, framing it as a question of whether the district court can control closing arguments; it claims Osborne's proposed defense was unsupported by evidence and without merit; and it completely ignores Osborne's Rule 29 issue. This response, thus, fails to address either of Osborne's arguments and misinterprets the facts of the case.

## ARGUMENT

**I.  The Government Mischaracterizes Osborne's Argument; The Issue Is Whether the District Court Erroneously Decided a Fact Issue As a Matter of Law, Thereby Taking This Element of the Offense Away From the Jury**

The government attempts to conflate Osborne's appellate issue by arguing that the district court did not abuse its discretion by precluding Osborne's closing argument at trial. U.S. Br. 8. But Osborne's actual argument is more fundamental: the district court erred by deciding an issue of fact as a matter of law and, in doing

1

so, took this fact issue, which is an element of Osborne's conversion offense, away from the jury.

The government does not deny that, to convict Osborne under 18 U.S.C. § 641, it must prove as an element of the offense "that the money or property belonged to the government." Op. Br. 8; JA 396. And the government does not deny that the district court, upon a motion by the government, precluded Osborne from arguing during closing argument that the United States no longer had a property interest in the funds it mistakenly deposited into Osborne's account.

Yet the government still contends that the jury was able to determine this element of the offense—whether the money or property belonged to the government—even though the district court barred defense counsel from arguing it. U.S. Br. 6-7.[1] The government's argument fails. Because the district court barred Osborne from arguing the merits of an essential element of the conversion offense—whether the mistakenly deposited funds remained the property of the government—it improperly withdrew a factual dispute from that jury. *See United States v. Walker*, 677 F. 2d 1014, 1016 (4th Cir. 1982) (finding that it is error for the district judge to withdraw a factual dispute from the jury); *United States v.*

---

[1] Inexplicably, even though the Court issued an improper jury instruction explicitly instructing the jury that the "United States retains a property interest in the proceeds of erroneously issued funds," the government argues that the jury could still determine this element of the offense. U.S. Br. 6-7; JA 397. This argument defies logic. If the jury instruction prevented the jury from making a finding on an element of the offense, as it did here, then that issue has been improperly taken from the jury's control.

2

*Ball*, No. 91-5426, 968 F.2d 1212, 1992 WL 163604, at *2 (4th Cir. July 15, 1992) (same).

The government contends that the district court properly ruled "what is not in dispute, what is not credibly in dispute, is whether the money belonged to the United States where there was no dispute between the parties that it was inadvertently deposited." U.S. Br. 9, citing JA 361. But, in fact, this issue *is* the very thing in dispute, and this issue should have been decided by the jury. Neither the government nor the district court can declare elements of a criminal offense undisputed and therefore not suitable for jury deliberation. To do so would be to declare the jury obsolete.

Osborne has always maintained that, even though he knew he would one day have to pay back the government for the mistakenly deposited funds, the government lost its possessory interest in the funds once they were deposited into his bank account. Whether Osborne had to pay back the funds is an entirely different concept than whether the funds, once deposited into Osborne's bank account, continued to belong to the United States. And contrary to the government's assertion that no facts supported Osborne's argument (U.S. Br. 9), evidence *was* presented at trial that Osborne believed he had the right to spend the funds once they were in his bank account even though he knew he would eventually have to pay the money back to the government. JA 215 ("Several times throughout the interview he [Osborne] acknowledged that he was not entitled to

3

the [payments] and would have to pay them back some day."); JA 216 ("[Osborne] said that he knew that the army would come back for the money at some point, and offered solutions how he could pay it back."). Osborne's statements that he knew "some day" and "at some point" he would have to pay back the money are consistent with defense counsel's opening statement, Rule 29 motion and erroneously precluded closing argument that Osborne believed the funds no longer belonged to the government once they were directly deposited into his bank account and commingled with his own funds. JA 150; 317-19; 357-60.

The government not only mischaracterizes Osborne's appellate issue, but also misquotes Osborne's brief. U.S. Br. 10. Osborne never stated that this Court "held" in *United States v. Gill*, 193 F.3d 802, 804 (4th Cir. 1999) and *United States v. Littriello*, 866 F.2d 713, 717 (4th Cir. 1989) that whether mistakenly deposited funds remain the property of the government was "a fact issue to be resolved by the jury." U.S. Br. 10, citing Op. Br. 9-10. Rather, Osborne stated that this Court had construed this issue in that it had noted with approval that whether an erroneously issued check continued to be a thing of value to the government is an issue that should properly be submitted to the jury. Op. Br. at 9-10. This is particularly evident in *Gill*, where this Court acknowledged that the district court acted properly in submitting to the jury the disputed issue of whether the money was a thing of value of the United States. 193 F.3d at 804 ("Here, the district judge

4

properly . . . submitted the disputed issue of value to the jury."). That is precisely what the district court here failed to do.

## II. The Government Fails To Squarely Address Osborne's Rule 29 Argument

Osborne argued in his opening brief that he should have prevailed on his Rule 29 motion because the government did not prove an element of 18 U.S.C. § 641—whether mistakenly deposited funds were a thing of value to the United States—because the district court took this element of the charged offense away from the jury. Op. Br. 11-16. The government, however, failed to address Osborne's Rule 29 argument or show that it had proven beyond a reasonable doubt that Osborne had met all the elements of conversion under § 641.

Instead, the government argues that it prevails under the cases it cited during trial and which Osborne has addressed in his Opening Brief. U.S. Br. 11-13; Op. Br. 13-14. The government also supports its argument by citing two other cases—both equally unavailing. First, the Government relies on *United States v. Spear*, 734 F.2d 1 (8th Cir. 1984). While *Spear* does address direct deposits within the context of a § 641 case, the government still cannot reconcile —indeed, it does not even attempt to reconcile—*Spear* with Osborne's argument based on *United States v. Haranda*, 333 F. Supp. 2d 619 (E.D. Mich. 2004), that checks are different in kind than direct deposits because checks remain the property of the drawer. Op. Br. 14-15. The government also relies on *United States v. Smith*, 373

5

F.3d 561 (4th Cir. 2004), which it claims reached a "conclusion" as to whether direct deposits could be equated with a government check. U.S. Br. 13. But, in fact, the relevant issue in *Smith* was whether the appellant's indictment under § 641 was unconstitutionally duplicitous. *Id.* at 563.

Further, none of the government's cited cases address the ultimate issue: whether the government can prevail on a Rule 29 motion when it has not met its burden of proof for the charged offense.

## **CONCLUSION**

For the reasons stated above and in the opening brief, appellant Dyrrle Osborne respectfully asks the Court to vacate his sentence and remand for entry of a judgment of acquittal.

DATED this 7th day of December, 2011.

                Respectfully submitted,

                Henderson Hill, Executive Director
                FEDERAL DEFENDERS OF
                  WESTERN NORTH CAROLINA, INC.

                /s/ Elizabeth A. Blackwood
                Elizabeth A. Blackwood
                Research and Writing Attorney

                Ross S. Richardson
                Assistant Federal Defender
                129 West Trade Street, Suite 300
                Charlotte, NC 28202
                (704) 374-0720

ATTORNEYS FOR APPELLANT DYRRLE GENE OSBORNE

# **CERTIFICATE OF COMPLIANCE**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

   [ X ] this brief contains [*1,431*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

   [   ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

   [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2007*] in [*14pt Times New Roman*]; *or*

   [   ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].


Dated: December 7, 2011                          /s/ Elizabeth A. Blackwood
                                                 *Counsel for Appellant*

# **CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on this 7th day of December, 2011, I caused this Reply Brief of Appellant to be filed electronically with the Clerk of the Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

> Kurt W. Meyers
> OFFICE OF THE U.S. ATTORNEY
> Carillon Building
> 227 West Trade Street, Suite 1650
> Charlotte, North Carolina  28202
> (704) 344-6222
>
> *Counsel for Appellee*

I further certify that on this 7th day of December, 2011, I caused the required number of bound copies of the Reply Brief of Appellant to be hand-filed with the Clerk of the Court.

/s/ Elizabeth A. Blackwood
*Counsel for Appellant*